IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-_____ |
| v. | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 6 counts) |
| RASHELL ORTIZ | : | Notice of forfeiture |

### INDICTMENT

### COUNTS ONE THROUGH SIX

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant RASHELL ORTIZ lived in Syracuse, New York and Liverpool, New York.

2. Person 1, known to the grand jury, was in a personal relationship with defendant RASHELL ORTIZ, and also lived in Syracuse, New York and Liverpool, New York.

3. Victim 1 lived in the Eastern District of Pennsylvania.

4. Victim 2 lived in Florida.

5. Victim 3 lived in the Eastern District of Pennsylvania.

6. Victim 4 lived in Florida.

7. Poshmark is an online marketplace that provided sellers and buyers of merchandise a forum to display items for sale, shop for items for sale, and conduct transactions to buy and sell the merchandise.

8. OfferUp is an online marketplace that provided sellers and buyers of merchandise a forum to display items for sale, shop for items for sale, and conduct transactions to buy and sell the merchandise.

9. Zelle is a peer-to-peer money transfer application (or "app") that allows users to move funds from one bank account to another.

10. CashApp is a peer-to-peer money transfer service that lets users send and receive money.

11. Venmo is a peer-to-peer payment application that allows users to send and receive money from other Venmo users via their mobile devices.

12. Google Pay is a digital wallet and payment platform that enables users to pay for transactions with mobile devices in-store, on supported websites and through mobile applications.

13. PayPal is an online payment system that lets users send and receive money.

## THE SCHEME

14. From in or about October 2019 through in or about November 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**RASHELL ORTIZ**

and Person 1 knowingly devised and intended to devise a scheme and artifice to defraud at least approximately 310 victims, including Victims 1 through 4, and to obtain money and property by means of knowingly and materially false and fraudulent pretenses, representations, and promises.

15. The purpose of the scheme was for defendant RASHELL ORTIZ and Person 1 to enrich themselves by fraudulently advertising the sale of luxury goods, including purses and shoes, on online sales platforms such as Poshmark and Offer Up. Defendant ORTIZ and Person 1 then diverted their customers from using Poshmark or OfferUp for payment, and instead requested payment through various third-party payment platforms such as Zelle, CashApp, Venmo, Google Pay, and PayPal, at a discounted price under the guise of wanting to avoid fees

associated with conducting transactions through the sales platforms. Upon receipt of payment, defendant ORTIZ and Person 1 then eventually ceased communications with the victims without providing the purchased goods.

## MANNER AND MEANS

It was part of the scheme that:

16. In or about March 2020, Victim 1 observed an advertisement on Poshmark for a luxury purse for sale for $500 posted by defendant RASHELL ORTIZ and Person 1. Victim 1 subsequently corresponded via text message with defendant ORTIZ and Person 1, who offered to sell the purse for a discounted price of $300 if the transaction was conducted via Zelle rather than Poshmark. Defendant ORTIZ and Person 1 held themselves out as a female who was selling the purse at a discount because she was going through a divorce and wanted to spite her ex-husband who had given her the purses as a gift.

17. On or about March 23, 2020, Victim 1 transferred $300 to defendant RASHELL ORTIZ and Person 1. Victim 1, who was located in Plumstead Township, Pennsylvania, caused the money to be transferred via Zelle to defendant ORTIZ's Citizen's Bank account, via Citizen's Bank's server which was located in Georgia.

18. After the initial transaction, defendant RASHELL ORTIZ and Person 1 provided Victim 1 with additional photographs of luxury purses purportedly for sale. Victim 1 agreed to purchase several more purses, and ultimately sent three additional payments that same day to defendant ORTIZ and Person 1, via Zelle to the same Citizens' Bank account, in the amounts of $300, $400, and $500, for a total of $1,500.

19. Following receipt of the funds, defendant RASHELL ORTIZ and Person 1 failed to provide the purses to Victim 1.

20. On or about July 22, 2020, Victim 2 saw a posting for a Gucci purse on Poshmark. The posting indicated that interested buyers should contact the seller, again defendant RASHELL ORTIZ and Person 1, via text message. Victim 2 exchanged several messages with the purported seller, who claimed to be a female named "Selene." At one point, defendant ORTIZ and Person 1 sent a video to Victim 2 of the purse with defendant ORTIZ's voice overlaid identifying herself as "Selene" and saying Victim 2's name to prove the authenticity of the purse. Defendant ORTIZ and Person 1 told Victim 2 that the purse was being sold at a discount because the seller was going through a divorce and wanted to get rid of the purse as it was a gift from her ex-husband. They then provided photographs of additional purses purportedly for sale.

21. That same day, Victim 2 transferred $300 to defendant RASHELL ORTIZ and Person 1 for the purchase of the purse. The funds were transferred, via Zelle, from Victim 2's Bank of America account to Person 1's Wells Fargo account. Defendant ORTIZ and Person 1 did not provide the purse to Victim 2.

22. On or around September 28, 2020, Victim 3 saw an advertisement for a Gucci handbag on Poshmark. Victim 3 attempted to purchase the handbag on the Poshmark website, but defendant RASHELL ORTIZ and Person 1 canceled the transaction. Victim 3 and defendant ORTIZ and Person 1 subsequently exchanged several messages in which defendant ORTIZ and Person 1 identified themselves as a female named "Selene Orvil" and explained that the transaction had been canceled because Poshmark charged extra fees. "Selene Orvil" further told Victim 3 that she was going through a hard divorce and was looking for a place to live. Victim 3 shared that she, too, was going through a difficult divorce from a physically abusive spouse. Victim 3 ultimately agreed to purchase two handbags and one pair of shoes from defendant ORTIZ and Person 1.

23. That same day, Victim 3 sent a total of $800 to a bank account in the name of Person 1 via Zelle. The first payment, in the amount of $300, had a payment memo of "Muchas gracias! ♥♥♥". The second payment, in the amount of $500, had a payment memo of "Absolutely blessed. Your kindness will reap what you sow." Both transactions were sent from Victim 3, who was located in the Eastern District of Pennsylvania, to Person 1's Bank of America account, the server for which is located in Georgia. Defendant ORTIZ and Person 1 never provided the bags or shoes to Victim 3.

24. On or about October 19, 2020, Victim 4 observed an advertisement for a luxury purse on Poshmark. The advertisement indicated that interested buyers should contact the seller, defendant RASHELL ORTIZ and Person 1, via text message. Victim 4 began texting with defendant ORTIZ and Person 1, who again pretended to be a female going through a divorce and trying to sell gifts from her ex-husband at a discounted price. Victim 4 ultimately agreed to purchase three handbags for a total of $550.

25. On or about October 19, 2020, Victim 4 sent two payments to defendant RASHELL ORTIZ and Person 1, via Zelle, from Victim 4's Bank of America Account to Person 1's Key Bank account, the first for $250 and the second for $300. Defendant ORTIZ and Person 1 did not provide the purses to Victim 4.

26. In total, defendant RASHELL ORTIZ and Person 1 carried out the same fraudulent scheme to defraud over 310 victims for a total loss amount of at least approximately $130,225. To facilitate their scheme, defendant ORTIZ and Person 1 employed at least eight different phone numbers to communicate with victims and establish bank accounts, payment platform accounts, and email accounts; used at least 39 different email accounts, each of which was associated with at least one payment platform; used at least 65 different payment platform

accounts across Zelle, PayPal, Google Pay, and CashApp to facilitate the fraudulent payments from their victims; and employed at least 15 different bank accounts to receive fraudulent payments.

37. On or about each of the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, having devised and intending to devise this scheme, defendant

**RASHELL ORTIZ**

and Person 1, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each such transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 1 | March 23, 2020 | Transfer from Victim 1 via Zelle to defendant ORTIZ and Person 1 in the amount of $300 |
| 2 | March 23, 2020 | Transfer from Victim 1 via Zelle to defendant ORTIZ and Person 1 in the amount of $300 |
| 3 | March 23, 2020 | Transfer from Victim 1 via Zelle to defendant ORTIZ and Person 1 in the amount of $400 |
| 4 | March 23, 2020 | Transfer from Victim 1 via Zelle to defendant ORTIZ and Person 1 in the amount of $500 |
| 5 | September 28, 2020 | Transfer from Victim 3 via Zelle to defendant ORTIZ and Person 1 in the amount of $500 |
| 6 | September 28, 2020 | Transfer from Victim 3 via Zelle to defendant ORTIZ and Person 1 in the amount of $300. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1343, set forth in this indictment, defendant

### RASHELL ORTIZ

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations, including, but not limited to, the sum of $130,225.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982(a)(1)(C).

**A TRUE BILL:**

_____
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No._____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

v.

RASHELL ORTIZ

INDICTMENT

18 U.S.C. § 1343 (wire fraud – 6 counts)

A true bill.